UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                        Plaintiff,

      - v -                                        8:24-CV-29
                                                          (TJM/DJS)
ONONDAGA COUNTY, NY, *et al.*,

                        Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff, *Pro Se*
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 3, IFP App. The Complaint asserts claims under Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Compl. at ¶¶ 34-71.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).


## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

Plaintiff alleges that he was diagnosed with ADHD and PTSD, both disabilities under the relevant Acts. Compl. at ¶¶ 26, 33. He maintains that he was diagnosed by someone without the authority to diagnose him and prescribed harmful medications. Compl. at ¶¶ 18, 29-31. Apparently, this was a denial of "access to goods and services"

3

amounting to discrimination. Compl. at ¶¶ 47-48, 66, 68. Whether actual services were denied remains a mystery, as Plaintiff's Complaint does not specify.

### C. Analysis of the Complaint

The Court recommends that Plaintiff's claims be dismissed, with leave to amend. In his Complaint, Plaintiff brings two claims. One under ADA Title III and the other under Section 504 of the Rehabilitation Act. Compl. at ¶¶ 34-71. Plaintiff maintains that Defendant discriminated against him because of his ADHD and PTSD. *See generally* Compl. Plaintiff's Complaint details his mental health journey and ultimate diagnoses with ADHD and PTSD. *Id.* However, it does not allege sufficient facts to support his discrimination claims.

#### 1. ADA

To state a claim under Title III of the ADA, Plaintiff must allege that: (1) he has a disability; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against Plaintiff within the meaning of the ADA. *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *see also Rossman v. Dollar Gen. Corp.*, 368 F.Supp.3d 422, 426-27 (N.D.N.Y. 2019) (finding that plaintiff stated a claim under Title III of the ADA where she specifically alleged that on two occasions, she had visited retailer's store and had encountered physical impediments that prevented her from navigating through the store in a wheelchair). Moreover, it is well-settled that "[m]onetary relief . . . is not available to private individuals under Title

4

III of the ADA. . . . A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)).

Here, Plaintiff has satisfied the first two criteria for stating a claim under Title III. Unfortunately, Plaintiff has not satisfied the third. Plaintiff's Complaint does nothing more than assert threadbare allegations that Defendant denied him access to services. Compl. ¶¶ 34-57. Which services, if any, were denied is not alleged. Plaintiff does state that he was "denied full access to goods and services when he was diagnosed by someone who is not licensed to diagnose mental health conditions." Compl. ¶ 48. Plaintiff's allegations are not sufficiently specific to survive dismissal. On this basis, Plaintiff's claims should be dismissed. Moreover, the Court notes that Plaintiff only seeks monetary damages—not injunctive relief. Compl. ¶ 71. No such damages are available for this claim.

*2. Rehabilitation Act*

To state a claim under Section 504 of the Rehabilitation Act, Plaintiff must allege that "(1) plaintiff has a disability, (2) plaintiff is otherwise qualified for the benefit that has been denied, and (3) plaintiff has been denied the benefit by reason of [his] disability." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146-47 (2d Cir. 2002). Dismissal is appropriate where a complaint does not specifically allege denial of some

5

benefit. *See Doe v. Zucker*, 520 F. Supp. 3d 217, 272 (N.D.N.Y. Feb. 17, 2021); *Atkins v. Cnty. of Orange*, 251 F.Supp.2d 1225, 1232 (S.D.N.Y. 2003) (dismissing complaint where plaintiffs failed to "allege that they were denied the benefits of a service, program or activity"); *but see Johnson v. New York State Police*, 659 F. Supp. 3d 237, 255 (N.D.N.Y. 2023) (finding that plaintiff stated a claim under Section 504 where they specifically alleged denial of reasonable accommodations to a service). Here, Plaintiff has not stated a claim for relief under the Rehabilitation Act. Plaintiff's Complaint merely alleges that he "was denied access to programs" and "did not receive the benefits of the federally funded programs and services." Compl. ¶¶ 63, 66. Without allegations regarding which specific services were denied, Plaintiff's Complaint is insufficient. On this basis, Plaintiff's claim should be dismissed.

### D. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety

the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  February 22, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).